UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HARRY BLISSETT                                          CIVIL ACTION

VERSUS                                                  NO. 15-448

STATE LAW REPRESENTATIVES                               SECTION "F"(2)

## FINDINGS AND RECOMMENDATION

At the time of filing this complaint, plaintiff, Harry Blissett, was a prisoner incarcerated in the Orleans Parish Prison system ("OPP"). Plaintiff filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he is being detained in violation of his right to the presumption of innocence and to trial before being found guilty. Plaintiff seeks payment of unspecified compensatory damages and his freedom. Record Doc. No. 9 (Complaint, at ¶¶ IV and V).

Initially, Blissett failed to provide the court either with a filing fee or an application to proceed in forma pauperis, despite various notices sent to him by the Clerk of Court that he must do so. In response to a March 31, 2015, recommendation that his petition be dismissed for failure to prosecute based upon that failure, Blissett filed an objection, followed by a motion for leave to proceed in forma pauperis, which I granted. Record Doc. Nos. 3 - 8. The case then proceeded, and the usual screening process required by 28 U.S.C. § 1915A commenced.

Specifically, by order dated June 16, 2015, Record Doc. No. 11, the court required Blissett to file on or before July 7, 2015 (1) a written list of the full names of all persons

whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit; (2) a written statement advising the court whether plaintiff is presently incarcerated based on a conviction and, if so, the date of conviction; (3) a written statement of the facts expected to be offered at trial, either orally or as documents; (4) a complete and specific list of all documents to be offered at trial; and (5) a complete list of all witnesses to be called at trial, including the name and address of each witness and a separate summary of the expected testimony of each witness.  The record indicates that, in accordance with the Clerk's general practice at that time for sending copies of court orders to inmates at OPP, the Clerk mailed the court's June 16, 2015 order to plaintiff at the OPP address of 2800 Gravier Street, rather than the 3000 Perdido Street address indicated on the envelope in which plaintiff mailed his complaint to the court.  Id., Complaint, Record Doc. No. 9 at p. 6.  This order has not been returned to the court, and no response from plaintiff has been received.

Because plaintiff did not respond to the court's June 16, 2015 order, by order dated July 8, 2015, Record Doc. No. 13, plaintiff was ordered by the court to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's June 16, 2015 order.  Alternatively, plaintiff was ordered to file his written statement of facts and list of witnesses and exhibits no later than July 30, 2015. Plaintiff was advised that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be

- 2 -

dismissed for failure to prosecute. The record indicates that the Clerk mailed the court's July 8, 2015 order to plaintiff at the OPP address of 2800 Gravier Street, rather than the 3000 Perdido Street address indicated on the envelope in which plaintiff mailed his complaint to the court. As indicated by Record Doc. No. 14, this order has been returned to the court, and no response from plaintiff has been received.

On July 28, 2015, because mail sent to plaintiff had been returned to the court, staff of the undersigned magistrate judge inquired and were advised by staff at OPP that plaintiff was released from incarceration on July 9, 2015. The court was given the forwarding address provided by plaintiff to prison personnel when he was initially booked, an address also found in plaintiff's complaint. Record Doc. No. 9 at p. 3. Accordingly, by order issued July 28, 2015, plaintiff was advised of the court's July 8, 2015 order requiring him to show cause why his suit should not be dismissed for failure to prosecute based on his failure to comply with the court's June 16, 2015 order and granted until August 18, 2015, to respond by filing written reasons or a statement providing the requested information. Plaintiff was advised that it is his responsibility to keep the court advised of any address change, Local Rules 11.1 and 41.3.1, that this would be his final notice of the court's requirement and that failure to comply with this order would result in a recommendation that his case be dismissed for failure to prosecute. The Clerk was directed to enter on the docket sheet of this case the address provided by plaintiff to prison officials when he was initially booked, the address also

- 3 -

found in plaintiff's complaint. Record Doc. No. 15. This order has <u>not</u> been returned to the court, and no response from plaintiff has been received.

Some mail addressed to plaintiff has been returned to the court. Record Doc. No. 14. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated February 3, 2015, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 9, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. <u>Hulsey v. State of Texas</u>, 929 F.2d 168, 171 (5th Cir. 1991); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. <u>Markwell v. County of Bexar</u>, 878 F.2d 899, 902 (5th Cir. 1989); <u>Price v. McGlathery</u>, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance

with relevant rules of procedural and substantive law. <u>Birl v. Estelle</u>, 660 F.2d 592, 593 (5th Cir. 1981); <u>Edwards v. Harris County Sheriff's Office</u>, 864 F. Supp. 633, 637 (S.D. Tex. 1994).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.  <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988); <u>Birl</u>, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." <u>Lewis v. Hardy</u>, 248 Fed. Appx. 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its orders to have plaintiff provide it with the information necessary to prosecute plaintiff's case.  Plaintiff's failure to comply with the court's June 16, July 8, and July 28, 2015 orders clearly reflects a failure on the part of plaintiff to prosecute.  This record of several failures to comply with the court's orders and rules establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal.  See <u>Torns v. State of Miss. Dept. of Corrections</u>, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); <u>Raborn v. Inpatient Management Partners, Inc.</u>, 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008).

Thus, for the second time, in another effort to afford plaintiff an opportunity to respond and move his case forward, I have issued these findings and recommendation to the presiding United States District Judge.  Plaintiff is advised that he may object to the Magistrate Judge's proposed Findings and Recommendation within fourteen (14) days from the date of service of this report.  The plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.  It is suggested to the plaintiff that his objection should contain a short summary of the reasons that plaintiff failed to comply with the court's previous orders.  It is further suggested that the plaintiff should also provide the court with the information requested in the court's previous orders as detailed above.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may and probably will result in dismissal of plaintiff's suit.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## **RECOMMENDATION**

It is recommended that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Harry Blissett be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___28th___ day of August, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.